THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:12-cr-00085-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DONZELL ALI McKINNEY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 35].

**I.     BACKGROUND**

In February 2012, the Defendant Donzell Ali McKinney was charged in a Bill of Indictment with Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). [Crim. Case No. 1:12-cr-00012-MR-WCM, Doc. 1]. Six months later, the Government charged the Defendant in a Bill of Information with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and discharging a firearm during

and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1). [Doc. 1]. On the same day that the Bill of Information was filed, the Defendant entered into a Plea Agreement with the Government, agreeing to plead guilty to the Hobbs Act conspiracy and § 924(c) firearm offenses. [Doc. 2 at ¶ 1]. In exchange, the Government agreed to dismiss the Bill of Indictment charging those two offenses and the Hobbs Act robbery offense. [Id.].

This Court's probation office submitted a Presentence Report and calculated a total offense level of 25 for the Hobbs Act conspiracy and found that the Sentencing Guidelines advised an aggregate sentence of between 84 and 105 months in prison for that count, plus a mandatory consecutive sentence of not less than 10 years for the § 924(c) firearm offense.[1] [Doc. 13 at ¶¶ 36, 74]. This Court sentenced the Defendant to 70 months' imprisonment for the Hobbs Act conspiracy offense and a consecutive sentence of 120 months' imprisonment for his § 924(c) firearm offense, for an aggregate sentence of 190 months. [Doc. 22 at 2]. The Defendant is

---

[1] The Defendant faced a statutory maximum sentence of 20 years in prison for his Hobbs Act conspiracy offense and a mandatory minimum term of 10 years in prison for the § 924(c) firearm offense. [Id. at ¶ 73].

currently housed at FIC Beckley, and his projected release date is October 23, 2025.[2]

The Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 35]. For grounds, the Defendant argues that if he were sentenced today, he would receive a shorter sentence. [Id. at 2]. He also cites his efforts at rehabilitation while incarcerated as grounds for a reduced sentence. [See id. at 1].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a non-jurisdictional claim-processing rule that may be waived or forfeited by the Government. United

---

[2] See https://www.bop.gov/inmateloc/ (last visited Sept. 9, 2022).

States v. Muhammad, 16 F. 4th 126, 130 (4th Cir. 2021).  Where, however, the Government raises the issue, the burden is on the Defendant to show that he has exhausted his administrative remedies with the BOP or that 30 days have passed since making his compassionate release request.  See United States v. Huitt, No. 3:16-CR-206-MOC, 2021 WL 2226486, at *1 (W.D.N.C. June 2, 2021) (Cogburn, J.).

The Defendant does not state in his motion whether he attempted to exhaust his administrative rights.  [Doc. 35].  The Government represents that the Bureau of Prisons has no record of the Defendant ever submitting a request for compassionate release with the warden of his facility and argues that his motion should be denied on that basis alone.  [Doc. 37 at 4-6].

In his reply, the Defendant asserts that he submitted a compassionate release request to the warden of his facility in "March of 2022."  [Doc. 38 at 1].  In support of this assertion, he attaches an "Inmate Request to Staff" form dated March 16, 2022, in which he sets forth the basis for his compassionate release request.  [Doc. 38-1].  There is nothing in this document to indicate when this form was received or reviewed by any staff member at FCI Beckley.  Nevertheless, the Court will give the Defendant the benefit of the doubt and find that he has sufficiently met his burden of proving

4

the necessary exhaustion. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act of 2018, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit

5

Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

In McCoy, the Fourth Circuit recognized that district courts may "consider changes in sentencing law as part of the 'extraordinary and compelling reasons' inquiry." 981 F.3d at 287-88. Specifically, in McCoy, the Fourth Circuit affirmed the district courts' findings that "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." Id. at 285. "Nothing in McCoy, however, requires the court to reduce a

6

Case 1:12-cr-00085-MR-WCM   Document 39   Filed 09/26/22   Page 6 of 10

defendant's sentence once the defendant shows that new statutory or case law would have benefitted the defendant, if such law had existed at the time of the defendant's sentencing." United States v. Spencer, 521 F. Supp. 3d 606, 610 (E.D. Va.), aff'd, 853 F. App'x 833 (4th Cir. 2021). Rather, the Court cautioned that the determination of whether a sentence reduction should be based on a "full consideration of the Defendant's individual circumstances," including the length of time already served, any rehabilitative efforts made while incarcerated, the defendant's prior criminal history, and the defendant's age at the time of the offense. McCoy, 981 F.3d at 286.

The Defendant does not allege that he satisfies any of the criteria for compassionate release authorized in § 1B1.13. Rather, he argues that if he were sentenced today, he would receive a lower sentence. [Doc. 35 at 2]. Specifically, the Defendant asserts that his Hobbs Act conspiracy offense could not support his conviction for discharging a firearm during and in relation to a crime of violence because Hobbs Act conspiracy is not a crime of violence.

The Defendant is correct that Hobbs Act conspiracy is not a crime of violence. See United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019) (holding that Hobbs Act conspiracy is not a crime of violence sufficient to

support a conviction under 18 U.S.C. § 924(c)).  However, as this Court explained in denying the Defendant's motion to vacate, the Defendant benefited from a plea bargain that included the dismissal of a substantive Hobbs Act robbery charge that would have supported his § 924(c) conviction. [See Civil Case No. 1:16-cv-00149-MR, Doc. 14 at 11-13].  The Defendant admitted facts that fully supported the Hobbs Act robbery charge, so the facts of his offense would have supported his § 924(c) conviction.  Because the Defendant admitted facts that support his convictions and sentence, he has not shown an extraordinary and compelling reason to grant him compassionate release.

Additionally, the Defendant argues that his efforts at rehabilitation while incarcerated warrant a reduced sentence.  Specifically, he cites the fact that he has completed multiple rehabilitation programs and fully paid his restitution judgment. [Doc. 35 at 1].  Rehabilitation alone, however, does not provide sufficient grounds for a sentence modification.  See 28 U.S.C. § 994(t).  Thus, while the Defendant's rehabilitative efforts during the time that he has been in prison are commendable, such efforts, without more, do not constitute extraordinary and compelling reasons justifying the Defendant's release.

In sum, the Court concludes that none of the circumstances cited, considered separately or in combination, constitute an extraordinary and compelling reason for a reduction in the Defendant's sentence.

Even if the Defendant could establish extraordinary and compelling reasons, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the sentencing considerations described in 18 U.S.C. § 3553(a) weigh against any discretionary sentencing relief. The Defendant's offense conduct was violent and extraordinarily serious. [Doc. 13 at ¶¶ 14-17]. The Defendant also has a significant criminal history, having been previously convicted of common-law robbery, breaking and entering, and conspiracy to sell and deliver crack cocaine. [Id. at ¶¶ 40-42]. Finally, the Defendant has committed a number of disciplinary infractions while in the BOP, including six just in the last year, including fighting and assault without serious injury. [Doc. 37-2]. In light of these circumstances, the Court concludes that the sentence previously imposed appropriately reflects the Defendant's history

and characteristics, as well as the seriousness of the Defendant's offense and his role in that offense.

In sum, the Court concludes that the sentence imposed was sufficient but not greater than necessary to accomplish the goals set forth in § 3553(a). The Court's sentence properly reflected the seriousness and extent of the offense, the need to deter criminality, and the need to protect the public from further crimes of the Defendant. Nothing put forth by the Defendant would justify reducing his sentence to time served. The Defendant's motion for compassionate release is therefore denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Compassionate Release [Doc. 35] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge